**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ARAM HAMBARDZUMYAN,<br><br>               Plaintiff,<br><br>      v.<br><br>MR. McDONALD, et al.,<br><br>               Defendants. | No. CV 17-3408-MWF (PLA)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

On October 2, 2017, the United States Magistrate Judge issued a Report and Recommendation ("R&R") in this action, recommending that the action be dismissed with prejudice for failure to state a claim. (ECF No. 19). On October 10, 2017, plaintiff filed Objections (alternatively "Obj.") to the R&R. (ECF No. 20).

In his Objections, plaintiff cites Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a case that addresses the right to effective assistance of counsel as raised in a habeas petition. Plaintiff states that he was being "irritated and harassed" by his state trial counsel, and that counsel breached "the duty of loyalty, perhaps the most basic of counsel's duties," thereby violating plaintiff's constitutional right to effective assistance of counsel. (Obj. at 2). Because plaintiff confirms that he is a pretrial detainee, he must raise any claims concerning

the alleged ineffective assistance of his counsel in a petition for habeas corpus in state court.[1] A petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement." Preiser v. Rodriguez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). In addition, to the extent that plaintiff is attempting to use a civil rights action to seek monetary damages for an allegedly unlawful detention where success would necessarily implicate the fact or duration of his confinement, his claims are not cognizable under § 1983 unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

## **CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, the other records on file herein, the Magistrate Judge's Report and Recommendation, and plaintiff's Objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

/

/

---

[1] Plaintiff previously filed a habeas action in this Court in case number CV 17-1595-MWF (PLA) ("CV 17-1595"), in which he alleged claims stemming from the state court's denial of his two motions pursuant to People v. Marsden, 2 Cal. 3d 118 (1970), which he brought because he believed his counsel was providing ineffective assistance, had a conflict of interest, and had been harassing him. (CV 17-1595, ECF No. 16 at 2). This Court dismissed that action based on the applicability of the Younger abstention doctrine, which provides that a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. (CV 17-1595, ECF No. 16 at 2-5 (citing Younger v. Harris, 401 U.S. 37, 46, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)). Based on plaintiff's statement in his Objections that he is still a pretrial detainee (Obj. at 1), it would appear that his state court proceedings are still pending.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Judgment shall be entered consistent with this Order.
3. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: October 27, 2017

HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE